UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BELINDA JEAN LOLMAUGH,

     Plaintiff,

                                            Hon. Robert J. Jonker

v.

                                            Case No. 1:25-cv-801

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on March 31, 2022, alleging that she had been disabled since October 1, 2021, due to lung cancer stage 1, high blood pressure, anxiety, depression, spondylosis in neck, Graves disease with eyes, insomnia, fibromyalgia, migraines, hearing issues, restless leg syndrome, chronic pain, cardialgia, Raynaud's disease, hypertension, uterus issues, attention deficit hyperactivity disorder (ADHD), acid reflux, primary adrenocortical

insufficiency, other hyperlipidemia, hypothyroidism, bilateral knee pain, right rib case issues, and memory issues. (PageID.89, 248–54.) Plaintiff was 50 years old at her alleged onset date and at the time she filed her application. (PageID.89.) Plaintiff had completed high school and had previous work as a receptionist and an apartment house manager. (PageID.51, 298.) Plaintiff's application was denied initially and on reconsideration, after which she requested a hearing before an Administrative Law Judge (ALJ).

On April 29, 2024, ALJ Penny Loucas held a telephone hearing and received testimony from Plaintiff, who was represented by counsel, and Mia Heikkila, EdD, an impartial vocational expert (VE). (PageID.61–86.) On May 29, 2024, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled since her alleged onset date of October 1, 2021, through the date of the decision. (PageID.39–53.) The Appeals Council denied Plaintiff's request for review on June 13, 2025. (PageID.23–25.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on July 18, 2025.

<u>**ANALYSIS OF THE ALJ'S DECISION**</u>

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through June 30, 2025, and had not engaged in substantial gainful activity since her alleged onset date of October 1, 2021, the ALJ found that Plaintiff has severe impairments of right upper lung lobe squamous cell carcinoma, stage 1a; obesity; chronic obstructive pulmonary disease; depressive disorder; anxiety disorder; and ADHD. (PageID.41.)

---

4. If an individual is capable of performing his past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.42–44.) As for mental impairments, the ALJ considered Listings 12.04, 12.06, and 12.11. For these listings, the ALJ considered both the "paragraph B" and "paragraph C" criteria.  Under paragraph B, Plaintiff was required to prove one extreme limitation or two marked limitations in the following areas to meet the listing:

1. Understanding, remembering, or applying information;

2. Interacting with others;

3. Concentrating, persisting, or maintaining pace;

4. Adapting or managing oneself.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(B), 12.06(B), 12.11(B). The ALJ found that Plaintiff was mildly limited in the area of understanding, remembering, or applying information and moderately limited and in the areas of interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. (PageID.43–44.) The ALJ then found that Plaintiff had the RFC to perform light work within the meaning of 20 C.F.R. § 404.1567(b), except:

> [she] can never climb ladders, ropes, or scaffolds. The claimant can no more than frequently balance. The claimant can no more than occasionally stoop, kneel, crouch, and crawl. The claimant must avoid work that requires frequent exposure to extreme cold, extreme heat, humidity, and respiratory irritants. The claimant can have no exposure to work in hazardous conditions such as work in unprotected heights, operating dangerous machinery, or operating tools such as power saws and jack hammers. The claimant can understand, remember, and apply information to complete simple and detailed instructions. The claimant can maintain concentration, persistence, and pace for work tasks that are routine in nature and can be performed with occasional interactions with the general public, coworkers, and supervisors.

(PageID.44.)

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work. (PageID.51.) At step five, based on the VE's testimony, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the occupations of marker, routing clerk, and housekeeping cleaner, approximately 367,000 of which existed in the national economy. (PageID.52.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Thus, the ALJ concluded that Plaintiff was not disabled.

## **DISCUSSION**

Plaintiff raises two issues in her appeal: (1) whether the residual functional capacity analysis of the Agency's final decision both duly accounted for the opinions that it found persuasive and provided the more-detailed analysis required by Social Security Ruling 96-8p; and (2) whether the ALJ complied with 20 C.F.R. § 404.1520c concerning the physical health prior administrative medical findings. (ECF No. 13 at PageID.2372.)

### I.    RFC Determination

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* SSR 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). In determining a claimant's RFC, the ALJ considers medical source statements

6

and all other evidence of record. 20 C.F.R. § 404.1545(a)(3). An ALJ's assessment of paragraph B factors at step three is distinct from the RFC finding employed at steps 4 and 5 of the sequential evaluation process. This is because "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorder listings in 12.00 of the Listings of Impairments." SSR 96-8p, 1996 WL 374184, at *4. The ALJ's RFC determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

The agency's regulations provide that, when evaluating opinion evidence, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 404.1520c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. § 404.1520c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(1)–(5). In general, the ALJ must explain his or her consideration of the supportability and consistency factors but is not required to explain how the remaining factors were considered. 20 C.F.R. § 420.1520c(b)(2) and (3). "An ALJ need not incorporate every limitation from a medical source's recommendation, even if it finds that medical source to be persuasive." *Kinney v. Comm'r of Soc. Sec.*, No. 23-3889, 2024 WL 2273365, at *3 (6th Cir. May 20, 2024) (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). If an ALJ constructs an RFC with limitations

that conflict with a medical source opinion, the ALJ must explain why the opinion was not adopted.

SSR 96-8p, 1996 WL 374184, at *7.

Plaintiff's challenge to the RFC finding arises from the ALJ's evaluation of the prior administrative medical findings concerning Plaintiff's mental impairments, which the ALJ addressed as follows:

> James Tripp, Ed.D., a State agency consultant, also reviewed the claimant's medical history during the initial stage. Dr. Tripp concluded the claimant experienced no more than moderate limitation in her ability to interact with others; maintain concentration, persistence, and pace; and in her ability to adapt and manage herself. Dr. Tripp concluded that even with such limitation, the claimant retained the ability to perform simple 1-2 step tasks, and have occasional contact with others in the workplace (Ex. 2A). Dyan Hampton-Aytch, Ph.D., a State agency consultant, affirmed all of Dr. Tripp's conclusions during the reconsideration stage (Ex. 4A). Both State agency consultants sought to support their conclusions by refencing their reviews of the objective evidence. The undersigned finds these conclusions partially persuasive due to their use of vague, undefined terms and phrases such as "1-2 steps" which is not used by the DOT and seems inconsistent with Part B assessment of mild limits in memory. Instead, the undersigned used a more vocationally appropriate term of simple and detailed instructions. Despite the claimant's impairments, objective examination documented the claimant with alert and oriented cognition, normal behavior, normal speech activity, no overt memory deficits, adequate attention, logical thought processes, no delusional ideation, good insight and judgment, and generally no signs of acute psychological distress (e.g., Ex. 2F/9, 20; 6F/7; 25F/7, 29; 42F/34-35, 40-41). Such findings are consistent with the State agency consultants' general conclusion that the claimant has no greater than moderate limitation in her mental functioning, and that she retained the ability to perform unskilled tasks with occasional social interaction. As such, in forming the claimant's residual functional capacity, the undersigned finds the prior administrative findings of the State agency consultants' partially persuasive.

(PageID.49.)

Plaintiff's claim of error focuses on the ALJ's statement that the consultants' findings were only partially persuasive due to their use of  "vague, undefined terms and phrases such as '1-2 steps' which is not used by the DOT [Dictionary of Occupational Titles] and seem[ing] inconsistency with Part B assessment of mild limits in memory,"  as well as her choice of "a more vocationally appropriate term of simple and detailed instructions." Plaintiff concedes that the ALJ

explained why she did not adopt the consultants' "1-2 step" limitation and instead opted to use "simple and detailed" but argues that the explanation is "flawed and does not provide substantial evidence support for the ALJ's conclusion." (ECF No. 13 at PageID.2379.) In particular, Plaintiff notes that the DOT in fact uses the phrase "one- or two-step instructions" in its definition of General Educational Development (GED) reasoning Level 1. *See* DOT, App'x C – Components of the Definition Trailer, 1991 WL 688702 (Jan. 1, 2016) (Scale of General Education Development (GED) Reasoning Development). Plaintiff further contends the ALJ assumed that the "1-2 steps" limitation must relate to Plaintiff's memory, when it more likely addressed her more limited functioning in the areas of concentrating, persisting, or maintaining pace and adapting or managing oneself. Plaintiff says that the ALJ's failure to provide a more detailed explanation of her treatment of the consultants' opinions is harmful because the VE was not asked whether an individual limited to "simple 1-2 step tasks" could perform the jobs she identified in response to the ALJ's hypothetical. (*Id.* at PageID.2379–80.)

This argument lacks merit. As an initial matter, the ALJ's discussion shows that she did not treat the "simple 1-2 step task" limitation as applicable only to the consultants' assessment of mild limits in memory. Rather, her comment indicates that she found the limitation inconsistent with a mild paragraph B finding but not inconsistent with Plaintiff's deficits in the other areas of functioning. Confirming this, at the beginning of her discussion, the ALJ cited Dr. Tripp's moderate limitations in the other three areas of functioning but noted that "even with such limitation, the claimant retained the ability to perform simple 1-2 step tasks, and have occasional contact with others in the workplace." (PageID.49.) But this is beside the point because the ALJ did not err by omitting the "1-2 step" limitation from her RFC finding.

As Plaintiff notes, the DOT assigns each job a GED score which is composed of three divisions of skill-related development in the areas of reasoning, mathematics, and language. Reasoning is divided into six levels. *Id.* Reasoning level I is defined as an ability to: "Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job."  Reasoning level II is defined as an ability to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id.* In response to the ALJ's hypothetical including the "simple and detailed instructions" limitation, the ALJ found that Plaintiff could perform three jobs, marker, DOT #209.587-034, 1991 WL 671802;  routing clerk, DOT #222.687-022, 1991 WL 672133; and housekeeping cleaner, DOT #323.687-014, 1991 WL 672783. (PageID.83.) The marker and routing clerk jobs are both reasoning level 2, while the housekeeping cleaner job is reasoning level 1.

Although the ALJ incorrectly stated that the DOT does not use the phrase or term "1-2 steps," she did not err by omitting the term from her RFC finding. A similar situation arose in *Huizar v. Commissioner of Social Security*, 610 F. Supp. 3d 1010 (E.D. Mich. 2022). There, the ALJ found the psychological consultant's opinion "generally persuasive" but omitted the consultant's limitation of "simple, one-to-two step tasks" from the RFC finding, which concluded that the plaintiff could  perform "simple, routine, and repetitive tasks." *Id.* at 1014. The plaintiff argued that the RFC determination was not supported by substantial evidence because the ALJ failed to reconcile his rejection of the "one-to-two step task" limitation with his determination that the plaintiff could perform the level two or three reasoning jobs the VE had identified. The court found no error because the Sixth Circuit has held that DOT reasoning levels are "merely advisory

in nature," and "an ALJ is not required to align DOT reasoning levels with RFC classifications." *Id.* at 1015–16 (citing *Matelski v. Comm'r of Soc. Sec.*, No. 97-3366, 1998 WL 381361 (6th Cir. June 25, 1998), and *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011) (rejecting the plaintiff's contention that the ALJ should have instructed the VE to identify only DOT reasoning level 1 jobs because "neither the Commissioner nor the VE has an obligation to employ the DOT, and there is no precedent that requires the Commissioner to align DOT 'reasoning levels' with RFC classifications")); *see also Bradley v. O'Malley*, No. 3:24-cv-818, 2025 WL 451837, at *6 (M.D. Tenn. Jan. 16, 2025), *adopted by* 2025 WL 450501 (M.D. Tenn. Feb. 10, 2025) (noting that "courts in the Sixth Circuit have rejected the argument that an ALJ is required to identify and match reasoning levels when defining a claimant's RFC"). The court further found no error because district courts within the Sixth Circuit have held that a limitation to simple one-to-two tasks is consistent with jobs requiring reasoning level two. *Id.* at 1016–17 (citing *Padilla v. Saul*, No. 3:18-CV-580-CHB, 2020 WL 1651227, at *10 (W.D. Ky. Apr. 3, 2020); *Russell v. Comm'r of Soc. Sec. Admin.*, No. 1:13-CV-291, 2014 WL 1333262, at *13–14 (N.D. Ohio Mar. 31, 2014)); *see also Tammy B. v. O'Malley*, No. 4:24-CV-20, 2025 WL 325316, at *14 (W.D. Ky. Jan. 13, 2025), *adopted by* 2025 WL 322247 (W.D. Ky. Jan. 28, 2025) (finding no apparent conflict between the reasoning level two jobs the VE identified in response to the ALJ's hypothetical including a limitation to simple one-to-three step instructions and tasks).

*Matelski* is not directly on point because the issue there was whether the ALJ erred in relying on a VE's testimony identifying reasoning level three and four jobs in response to a hypothetical containing a limitation to "one- to two-step work that is not complex." 1998 WL 381361, at *6. Here, the VE was not asked about a one-to-two step limitation. But the court's rationale that the ALJ did not err because the DOT's reasoning development requirements are

11

"merely advisory in nature" is persuasive in this situation. That is, the ALJ was not required to conform her RFC finding to the consultants' opined limitations based on DOT reasoning levels. Moreover, as the court in *Huizar* observed, numerous courts in the Sixth Circuit have found that a limitation to one-to-two step tasks" is consistent with level two reasoning jobs, 610 F. Supp. 3d at 1016–17, which covers all of the jobs the VE identified here.

But even assuming that the ALJ was required to conform her RFC finding to the DOT's reasoning levels and that the omitted limitation corresponds only to a reasoning level 1 job, Plaintiff fails to demonstrate a basis for remand because any error was harmless. That is, the VE identified one job at reasoning level 1, housekeeping cleaner, with 250,000 jobs available in the national economy—a "significant" number of jobs in the national economy. *See*, *e.g.*, *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022) (32,000 jobs); *Taskila*, 819 F.3d at 905 (6,000 jobs). The Sixth Circuit has held that even "if an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless 'the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009) (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). *See Murray v. Comm'r of Soc. Sec.*, No. 5:24-CV-639, 2025 WL 841084, at *16-17 (N.D. Ohio Mar. 18, 2025), *adopted by* 2025 WL 2249590 (N.D. Ohio Aug. 7, 2025) (ALJ's lack of explanation for why she did not adopt a limitation to "simple instructions (i.e., perform one and two step tasks)" was harmless where the VE identified a reasoning level 1 job available in significant numbers in the national economy). Accordingly, remand is not warranted here because any error was harmless.

**II.    Evaluation of Prior Administrative Medical Findings**

In her second claim of error, Plaintiff contends that the ALJ failed to address the State Agency medical consultants' findings that Plaintiff had severe impairments of Osteoarthrosis and Allied Disorders and Disorders of the Skeletal Spine. (ECF No. 13 at PageID.2380–81 (citing PageID.94 and 109.) Plaintiff presents this error as a failure to comply with 20 C.F.R. § 1520c discussed above, specifically, a failure to articulate the persuasiveness of the State agency medical consultants' severe impairment findings. Plaintiff asserts that the ALJ never mentioned arthritis in her decision, and while she did address complex regional pain syndrome in her step-two finding, she found insufficient evidence from an acceptable medical source to consider it a medically determinable impairment. Plaintiff also notes that in discussing her subjective complaints, the ALJ failed to mention her testimony regarding her severe lower back pain, her use of a muscle relaxant and gabapentin, and her osteoarthritis and/or fibromyalgia that affects her shoulders, elbows, knee, ankles, and hips. (*Id.* at PageID.2381 (citing PageID.73–76).) Plaintiff contends that, had the ALJ fully considered her osteoarthritis, including her ineffective treatments, the ALJ may have found "greater limitations, materially affecting the outcome of the case." (*Id.* at PageID.2381–82 (citing PageID.1850, 1855, 1871, and 1877).)

Plaintiff cites no authority for the proposition that an ALJ is required to assess the persuasiveness of State agency medical and psychological consultants' severe impairment findings pursuant to 20 C.F.R. § 404.1520c. As set forth in *Breunling v. Commissioner of Social Security*, No. 1:24-cv-1156, 2025 WL 2972262 (W.D. Mich. Oct. 22, 2025), "the regulations merely require the ALJ to discuss whether . . . [an] opinion as a whole is supportable, not whether each aspect of it is supportable." *Id.* at *2 (citing *M.M.C. v. O'Malley*, No. 1:22-CV-03346-SBP, 2024 WL 4308185, at *9 (D. Colo. Sept. 26, 2024)). The ALJ was not required to separately assess the persuasiveness of the medical consultants' severe impairment findings in her RFC analysis.

Rather, the existence of a severe impairment presents a step-two issue, which Plaintiff does not raise. *Cf. Woods v. Comm'r of Soc. Sec.*, No. 3:18-cv-1070, 2019 WL 2465299, at *9 (N.D. Ohio Mar. 22, 2019), *adopted by* 2019 WL 4017044 (N.D. Ohio Aug. 26, 2019) (rejecting the plaintiff's argument that the ALJ's finding of more severe impairments than the state agency consultants found precluded the ALJ from giving great weight to their opinions without additional explanation because the argument conflated the step two severe impairment inquiry with the step four functional capacity inquiry).

Here, the ALJ adopted all of the State agency medical consultants' opined limitations but found their opinions mostly persuasive because they failed to account for the residual effects of Plaintiff's cancer treatment, which the ALJ addressed through additional limitations of never climbing ladders, ropes, or scaffolds. (PageID.49.) Although the consultants found more severe impairments than the ALJ, their findings did not result in any greater limitations than those the ALJ adopted. Thus, the ALJ did not err in failing to consider Dr. Metoyer's and Dr. Flake's additional severe impairments in his RFC analysis. *See Kelly v. Berryhill*, No. 1:18-CV-1260, 2019 WL 3890454, at *15 (S.D.W. Va. Feb. 13, 2019), *adopted by* 2019 WL 3889638 (S.D.W. Va. Aug. 16, 2019) ("[D]espite Drs. Lim and Boukhemis finding more severe impairments, the diagnoses do not alone translate into disability where there has been no evidence to substantiate a related functional loss preventing Claimant from work."). It is also worth noting that, as to Plaintiff's subjective complaints, the ALJ said that she "reviewed and considered all of the allegations offered in this case." (PageID.45.) Finally, although the ALJ did not address the specific medical evidence Plaintiff cites, she was not required to discuss every piece of evidence in the record so long as her decision indicated that she had considered the record as a whole. *See Boseley v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010) ("Neither the ALJ nor the Council is required

to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion"); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party") (quoting *Loral Defense Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)). Because the ALJ indicated that she considered "the entire record" (PageID.41), Plaintiff's argument simply requests a different outcome, which is not a basis for remand where, as here, the ALJ's decision is supported by substantial evidence. Therefore, this claim of error lacks merit.

## CONCLUSION

For the reasons stated herein, I recommend that the Commissioner's decision be **affirmed.**

Dated: July 1, 2026

/s/ Sally J. Berens  
SALLY J. BERENS  
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).