UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BELINDA JEAN LOLMAUGH,

       Plaintiff,

                                      CASE No. 1:25-CV-801

v.

                                        HON. ROBERT J. JONKER

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Berens' Report and Recommendation (ECF No. 19) and Plaintiff's Objection to the Report and Recommendation. (ECF No. 20). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections.    After its review, the Court determines the Report and Recommendation is factually sound and legally correct.

Plaintiff raises two objections to the Magistrate Judge's recommendation that the Court affirm the Commissioner's decision.    In her first objection, Plaintiff objects to the Magistrate Judge's conclusion that the Commissioner adequately explained the decision not to adopt the agency consultants' findings concerning Plaintiff's mental impairments.    As Plaintiff sees it, the ALJ's discussion on this point is hopelessly flawed.    The Court disagrees.    The Magistrate Judge extensively examined this issue and persuasively explained why, although the ALJ incorrectly stated that the DOT does not use the phrase or term "1-2 steps," the ALJ nevertheless did not err in omitting the term from the RFC.    Moreover, as the Magistrate Judge went on to discuss, any error on this point was harmless.    (ECF No. 19, PageID.2424).    Plaintiff does not address this point in her objections.    The Court determines the Magistrate Judge's evaluation of the matter is factually sound and legally correct.    The Court agrees with the Magistrate Judge that Plaintiff's argument lacks merit for the very reasons detailed by the Magistrate Judge.

Plaintiff's second objection essentially is that the ALJ erred in examining the opinions of Ms. Metoyer and Dr. Flake.    Plaintiff is less than clear on what the particular claimed flaw in the ALJ's analysis is.    It appears Plaintiff complaints that while the ALJ found these opinions to be "mostly persuasive," the ALJ did not include the medically determinable impairments of osteoarthrosis and allied disorders in the Step 2 findings or further examine the conditions elsewhere in the decision.    The Magistrate Judge concluded Plaintiff's argument lacked merit. Plaintiff fails to identify any flaw in the ALJ's reasoning.    The Court again agrees with the Magistrate Judge's analysis for the reasons detailed by the Magistrate Judge.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 19) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED.**   A separate Judgment shall issue.

Dated:   July 30, 2026     /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

3